IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUIST BANK,<br><br>        Interpleader Plaintiff,<br><br>v.<br><br>COUGH ZERO, INC. and HSBC BANK USA, N.A.,<br><br>        Interpleader Defendants. | CASE NO.: |

### INTERPLEADER COMPLAINT

Truist Bank ("Truist"), by its undersigned counsel and pursuant to 28 U.S.C. §§ 1335 and 1397, hereby brings this interpleader complaint against Cough Zero, Inc. ("Cough Zero"), HSBC Bank USA, N.A. ("HSBC"), and Dart Bank (collectively, "Claimants") to resolve their conflicting and competing claims to $194,253.11 (the "Funds") currently held at Truist:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Truist Bank is a financial institution that is incorporated under the laws of and maintains its principal place of business in the State of North Carolina.

2. Upon information and belief, Cough Zero is incorporated under the laws of and maintains its principal place of business in the Commonwealth of Kentucky. Thus, Cough Zero is deemed a citizen of the Commonwealth of Kentucky. *See* 28 U.S.C. § 1332(c).

3. Upon information and belief, HSBC is a national banking association that, pursuant to its articles of association, maintains its main office in the State of New York. Thus, for purposes of diversity jurisdiction, HSBC is deemed a citizen of the State of New York. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national

banking association is a citizen of the state where its "main office, as set forth in its articles of association, is located.

4. This Court has subject matter jurisdiction because Claimants are minimally diverse, and the sum at issue (the Fund) exceeds $500. *See* 28 U.S.C. § 1335.

5. Venue is properly laid here because HSBC resides in the Southern District of New York. *See* 28 U.S.C. § 1397 ("Any civil action of interpleader . . . under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside.").

## II. FACTS

6. Cough Zero maintained an account at Truist.

7. On December 26, 2024, Cough Zero received two wire transfer from HSBC, which may have been acting as an intermediary bank for non-party Keb Hana Bank (which operates in Seoul), in the amounts of $126,173.91 and $519,832.86.

8. Truist posted the proceeds of those wire transfers to Cough Zero's Truist account ending in 8284 (the "Cough Zero Account").

9. On or about January 2, 2025, HSBC requested that Truist return the proceeds of both of the above-mentioned wire transfers due to alleged fraud.

10. Truist restrained the Cough Zero Account and continues to hold $194,253.11 of the wire-transferred funds (i.e., the Funds).

11. Truist is an impartial stakeholder with no interest in the Funds. Based on the information available to it, Truist cannot determine who is entitled to the Funds. Thus, Truist now files this Interpleader Complaint, so the Court may determine who (as between Claimants) is entitled to the Funds.

## COUNT ONE – INTERPLEADER

12. Truist incorporates all preceding paragraphs as if fully set forth herein.

13. Each Claimant has asserted or may assert a conflicting interest in the Funds.

14. Truist is not in a position to adjudge Claimants' conflicting claims to the Funds.

15. Truist is an impartial stakeholder with no interest in the Funds.

16. Pursuant to 28 U.S.C. § 1335, Truist Bank seeks an order allowing the Funds to be deposited into the registry of the Court, so the Court may conduct proceedings to determine the proper disposition of the Funds. Following that interpleader deposit, Truist will seek (among other things) a discharge of any other or further liability for the Funds, and a dismissal with prejudice from this action.

## COUNT TWO – RECOVERY OF ATTORNEYS' FEES

17. Truist incorporates all preceding paragraphs as if fully set forth herein.

18. The Cough Zero Account is governed by the terms of the Truist Commercial Bank Services Agreement (the "CBSA").

19. Pursuant to both the CBSA and common law, Truist seeks an Order reimbursing its attorneys' fees, expenses, and costs associated with interpleading the Fund, including but not limited to all attorneys' fees, expenses, and costs associated with initiating the action, serving process upon Claimants, and otherwise participating in any way (including seeking dismissal from) the action.

WHEREFORE, Truist respectfully requests that this Court:

(a) allow Truist to deposit the Fund into the Court's registry;

(b) enter an Order prohibiting Claimants from instituting or further pursuing any proceedings against Truist, in any court or tribunal, for recovery of any portion of the Fund, and discharging Truist from any other or further liability relating to the Fund;

3

(c) enter an Order dismissing Truist with prejudice from this action;

(d) require anyone claiming entitlement to the Fund to establish its claim; and

(e) award Truist such other relief as the Court deems just and equitable under the circumstances

Dated: February 20, 2026

/s/ Justin E. Kerner
Justin E. Kerner (NY ID 5505821)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054
(856) 761-3448
kernerj@ballardspahr.com

*Counsel for Interpleader Plaintiff, Truist Bank*