UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                             :

TRUIST BANK,                                  :

                              Plaintiff,        :

                                          :         26-CV-1462 (JAV)

         -v-                              :

                                          :        MEMORANDUM

COUGH ZERO, INC., et al.,          :    OPINION AND ORDER

                                          :

                        Defendants.     :

                                          :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is a motion to intervene in this interpleader action by Proposed Intervenor-Defendants TYM Corporation and Root Corporation (the "Proposed Intervenors"). ECF No. 26. The motion is unopposed. The Proposed Intervenor's motion to intervene as of right is GRANTED.

## DISCUSSION

"On timely motion, the Court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2) (emphasis added). "Intervention as of right protects the interests of a party where its interest would be

impaired absent intervention." *Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF), 2020 WL 6586156, at *2 (S.D.N.Y. Nov. 10, 2020).

Under Rule 24(a)(2), intervention as of right is granted when all four of the following conditions are met:

(1) the motion is timely;

(2) the applicant asserts an interest relating to the property or transaction that is the subject of the action;

(3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and

(4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). "Failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) (cleaned up).

Truist Bank brought this interpleader complaint in order to resolve competing claims to funds (the "Funds") that were transferred by HSBC Bank U.S.A., N.A. ("HSBC") to an account (the "Cough Zero Account") held at Truist Bank by Cough Zero, Inc. ("Cough Zero"). *See generally* ECF No. 1. On January 2, 2025, HSBC requested the return of the wire transfers due to alleged fraud. *Id.* ¶ 9. Truist Bank restrained the Funds in the account and filed this suit to determine ownership. *Id.* ¶ 10.

Proposed Intervenors represent that they are the true owners of the Funds. ECF No. 28, ¶ 7. They allege that, as a result of a spear-phishing cyberattack, they

wired funds intended as a warranty payment to a legitimate vendor to the Cough Zero Account. *Id.*, ¶¶ 4-7. Upon learning that the intended recipient did not receive the wired funds, the Proposed Intervenors requested that the funds be frozen by HSBC and returned. *Id.*, ¶ 10. HSBC in turn requested that Truist Bank freeze and return the funds on their behalf. *Id.*

"Under Rule 24(a)(2), the proposed intervenor must have a 'direct, substantial, and legally protectable' interest in the subject matter of the action." *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (quoting *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). In other words, "intervention cannot be used as a means to inject collateral issues into an existing action." *Id.* (cleaned up).

The Proposed Intervenors have established that they have a direct, substantial, and legally protectable interest in the property at the heart of this action: the Funds that are the subject of this interpleader action. "A traditional basis for intervention [as of right] derives from interpleader practice; when a number of persons possess claims to a fund which are or may be mutually exclusive, intervention is allowed a claimant." *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 34 (S.D.N.Y. 1992) (quoting *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 146 (1967). Proposed Intervenors have otherwise satisfied the requirements for intervention as of right under Rule 24(a)(2), as the motion was timely brought, before the initial pretrial conference in this matter, and no other party is situated to represent their claim to the Funds.

## CONCLUSION

Accordingly, the unopposed motion to intervene is GRANTED.  The Clerk of Court is instructed to add TYM Corporation and Root Corporation as Interpleader Defendants to this action.  Proposed Intervenors shall file their Answer and Crossclaims within 7 days of the date of this Order.

The Clerk of Court is directed to terminate ECF No. 26.

SO ORDERED.

Dated:  June 30, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4